# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
#### CIVIL ACTION NO.: 3:08-CV-00347-GCM

FILED
CHARLOTTE, NC
NOV 21 2008
U.S. DISTRICT COURT
WESTERN DISTRICT OF NC

|  |  |
|---|---|
| BSN MEDICAL, INC., a Delaware Corporation, and BSN MEDICAL GMBH, <br><br> Plaintiffs, <br><br> v. <br><br> ART WITKOWSKI, GROUPHUG PRODUCTIONS, INC. d/b/a HEALTHY LEGS and HEALTHY LEGS AND FEET TOO!, <br><br> Defendants. | **DEFAULT JUDGMENT AND PERMANENT INJUNCTION** |

This matter is before the Court on the motion of plaintiffs BSN medical, Inc. and BSN medical GmbH (together, "BSN") for default judgment and permanent injunction. The Court, having conducted a hearing on November 19, 2008,[1] and having considered the applicable law and the evidence of record, GRANTS plaintiffs' motions, and makes the following Findings and Fact and Conclusions of Law:

1.    This Court has jurisdiction over the parties and the subject matter.

2.    Defendants have failed to appear or otherwise defend in this action, and pursuant to the motion of plaintiffs and the declaration of plaintiffs' attorney, default was entered on October 29, 2008.

3.    BSN has moved the Court for entry of default judgment and a permanent injunction. Because defendants have defaulted, the Court accepts plaintiffs' allegations against

---

[1] Defendants were in default at the time of the hearing and accordingly were not given notice. *See* Fed. R. Civ. P. 5(a)(2). Defendants did not appear at the hearing.

them as true. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). The record before the Court therefore demonstrates that BSN is entitled to entry of final judgment and a permanent injunction.

4. BSN is a manufacturer of medical hosiery products, which it sells under the trademark and service mark JOBST®. Plaintiff BSN medical GmbH is the owner of several trademarks registered with the United States Patent and Trademark Office under U.S. Reg. Nos. 72430035, 72173006, and 72091803, which it licenses to BSN medical, Inc. BSN sells its JOBST® products through distribution agreements for resale to consumers.

5. Defendant Grouphug is operated by defendant Art Witkowski and does business as Healthy Legs and Feet Too! and Healthy Legs. Defendants operate for-profit websites offering for sale a variety of leg health products. In 2003, defendants entered into a distribution agreement (the "Agreement") with BSN,[2] which authorized defendants to represent themselves as authorized dealers of JOBST® and licensed them to use BSN's JOBST® wordmark, trademarks, and service marks (the "JOBST® Marks"). The Agreement expressly provided, that "[a]ll intellectual property rights that [defendants] are authorized to use are forfeited immediately upon termination of [defendants'] status as a Jobst Dealer or Distributor . . . and the images must be returned to [Jobst] within thirty (30) days of such termination, at [Healthy Legs'] expense."

6. BSN terminated the Agreement on August 8, 2007. Since that time, there has been no association or affiliation between defendants and BSN. Despite the termination, however, defendants have engaged in a pattern of unauthorized use of the JOBST® Marks.

7. When defendants continued to use the JOBST® marks following termination of the Agreement, BSN sent defendants a cease and desist letter in October 2007, informing

---

[2] Defendants originally executed the Agreement with BSN-Jobst, Inc. the predecessor-in-interest to BSN medical, Inc. A materially identical agreement was executed between defendants and BSN medical, Inc. on or about May 23, 2007.

defendants it would initiate legal action if defendants continued their use of the JOBST® Marks. In response, defendants agreed with BSN to cease their unauthorized use of the JOBST® Marks and to execute a settlement agreement. Although they ceased nearly all uses the JOBST® Marks, the defendants failed or refused to execute the settlement agreement in November 2007. Because defendants had substantially complied with BSN's demands that they cease using the JOBST® Marks, BSN did not file suit at that time.

8.      Defendants resumed widespread unauthorized use of the JOBST® Marks in the Spring of 2008. In the Spring and Summer of 2008, and after the filing of this lawsuit, defendants' website, www.healthylegs.com, represented to site visitors that it was affiliated with JOBST® products. Among other things, defendants' website copied verbatim the following language from the JOBST® product website, www.jobst-usa.com:

- "Jobst is committed to total satisfaction for its recommenders and wearers. That is why each product comes with our unique Total Satisfaction Guarantee."

- "For over 50 years, JOBST® is dedicated to meeting your needs. We offer the highest quality products that range from medical hosiery to bandages. We research our products to make sure they meet our promise of the highest efficacy."[3]

These statements falsely implied that defendants' website and JOBST® are operated by a single entity, permitting defendants to trade off BSN's consumer goodwill associated with the JOBST® Marks and products.

9.      When BSN learned that defendants were again making extensive use of the JOBST® Marks and falsely implying that they were affiliated with or endorsed by BSN, it sent defendants another cease and desist letter, to which defendants failed or refused to respond,

---

[3] Defendants later modified the second sentence of this statement to read "Jobst offers the highest quality products that range from medical hosiery to bandages" before removing it from their website.

although they made several changes to their website. The present lawsuit and motion for default judgment and permanent injunction followed.

10.     The Court finds that entry of judgment on plaintiffs' trademark infringement and unfair competition claims is appropriate. In order to prove trademark infringement and unfair competition under the Lanham Act, plaintiffs must prove (1) that they have a valid and protectable mark and (2) that defendants' use of a colorable imitation of that mark is likely to cause confusion among consumers. *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc.*, 43 F.3d 922, 930 (4th Cir. 1995).

11.     The first prong of this test is satisfied here by Plaintiff's registration of the JOBST® Marks with the United States Patent and Trademark Office. *See U.S. Search, LLC v. U.S. Search.com, Inc.*, 300 F.3d 517, 524 (4th Cir. 2002).

12.     The Court also finds that defendants' use of the JOBST® Marks is likely to cause confusion among consumers. Defendants' use of the terms "we" and "our" on their website in a manner that falsely implies that defendants are affiliated with BSN or are authorized JOBST® distributors will confuse consumers concerning (1) the origin of the products provided by defendants in connection with the JOBST® Marks, in that customers and potential customers are likely to believe that such products are provided by, sponsored by, approved by, licensed by, affiliated or associated with, or in some other way legitimately connected to plaintiffs; and (2) the relationship between defendants and plaintiffs, in that customers and potential customers are likely to believe that there is a sponsorship, approval, licensing, affiliation, association, or some legitimate connection between them. Numerous courts have concluded that that "continued trademark use by one whose trademark license has been cancelled satisfies the likelihood of confusion test and constitutes trademark infringement." *Burger King Corp. v. Mason*, 710 F.2d

4

1480, 1493 (11th Cir. 1983), *cert. denied*, 465 U.S. 1102 (1984); *see also U.S. Structures, Inc. v. J.P. Structures, Inc.*, 130 F.3d 1185, 1190 (6th Cir. 1997). Likewise, a former distributor's use of a trademark that falsely suggests it is part of a manufacturer's authorized dealer network creates consumer confusion and constitutes infringement. *See, e.g., Australian Gold, Inc. v. Hatfield*, 436 F.3d 1228, 1238-41 (10th Cir. 2006); *Bernina of Am., Inc. v. Fashion Fabrics Int'l, Inc.*, No. 01-C-585, 2001 WL 128164 (N.D. Ill. Feb. 9, 2001).

13.     The Court likewise concludes that judgment should be granted on plaintiffs' copyright infringement claim.  In order to prove copyright infringement, BSN must show that it has a valid copyright that defendants have copied without authorization.  *Towler v. Sayles*, 76 F.3d 579, 581 (4th Cir. 1996).  Both elements are satisfied here.  BSN owns a valid copyright for the content of its website, www.jobst-usa.com.  And, as detailed above, defendants have used statements copied directly from BSN's website on their own website without authorization.

14.     The Court further concludes that judgment is appropriate on plaintiffs' breach of contract claim. In executing the Agreement, defendants agreed that in exchange for the valuable right to use the JOBST® Marks, "[a]ll intellectual property rights that [defendants] are authorized to use are forfeited immediately upon termination of [defendants'] status as a JOBST® Dealer or Distributor." By continuing to use the JOBST® Marks on their website and by holding falsely representing that they are endorsed by or affiliated with BSN's JOBST® products, defendants are in breach of the Agreement.

15.     Plaintiffs have also moved for a permanent injunction.  The grant of permanent injunctive relief lies within the equitable discretion of the Court.  *Christopher Phelps & Assocs, LLC v. Galloway*, 492 F.3d 532, 543 (4th Cir. 2007).  In order to obtain a permanent injunction, plaintiffs must proof that (1) they suffered an irreparable injury; (2) the remedies available at

law, such as monetary damages, are inadequate compensation for that injury; (3) considering the balance of hardships between the parties, equitable relief is warranted; (4) the public interest would not be disserved by a permanent injunction. *Id.*

16.     The Court finds that BSN has demonstrated that it has suffered irreparable harm as the result of defendants infringement of plaintiffs' trademarks, copyrights, and breaches of the distribution agreement, and that monetary damages are inadequate compensation for that harm. The Fourth Circuit has recognized that "In Lanham Act cases involving trademark infringement, a presumption of irreparable injury is generally applied once the plaintiff has demonstrated a likelihood of confusion." *Scotts Co.*, 315 F.3d at 273; *see also Lone Star*, 43 F.3d at 939 (4th Cir. 1995) (recognizing that "irreparable injury regularly follows from trademark infringement"). As explained above, BSN has demonstrated that defendants' conduct is likely to confuse consumers viewing defendants' websites into believing that defendants are affiliated with, licensed by, or in some other way approved or authorized by BSN, when in fact no such relationship exists.

17.     Irreparable injury also follows from defendants' infringement of BSN's copyrights in the content of the JOBST® product website, www.jobst-usa.com. "Irreparable injury often derives from the nature of copyright violations, which deprive the copyright holder of intangible exclusive rights." *Christopher Phelps*, 492 F.3d at 544. For the same reason, irreparable injury follows from defendants' breaches of the distribution agreement.

18.     Consideration of the balance of hardships between the parties also leads to the conclusion that injunctive relief is appropriate. In this case, if an injunction does not issue, BSN will suffer irreparable harm in the form of consumer confusion and resulting loss of sales and goodwill. Defendants will suffer the harm of being prohibited from falsely representing to

consumers that they are affiliated with or endorsed by BSN, and of being prohibited from trading off of the JOBST® brand name. In light of defendants' demonstrated history of infringement, the Court concludes that that harm to defendants caused by this injunction does not outweigh the harm to BSN if defendants' conduct is not enjoined.

19. Finally, the Court determines that the public interest lies squarely in favor of enjoining defendants' conduct, since it is the public that is deceived and confused by defendants' false designation of source or sponsorship. "In a trademark case, the public interest is 'most often a synonym for the right of the public not to be deceived or confused.' . . . Where a likelihood of confusion arises out of the concurrent use of a trademark, the infringer's use damages the public interest." *S&R*, 968 F.2d at 379 (quoting *Opticians Ass'n*, 920 F.2d at 197-98)). If an injunction is not issued here, the public will be at risk of suffering deception and confusion as the result of defendants' unauthorized and misleading uses of the JOBST® Marks on their website, which is not sponsored or affiliated in any way with BSN or its JOBST® products.

20. Accordingly, the Court concludes that a permanent injunction is the appropriate remedy. The fact that defendants have ceased some of their infringing conduct does not alter this conclusion. "[I]t is well established that the voluntary discontinuance of challenged activities by a defendant does not necessarily moot a lawsuit." *United States v. Jones*, 136 F.3d 342, 348 (4th Cir.1998) (internal citation omitted); *see also Elvis Presley Enters., Inc. v. Capece*, 141 F.3d 188, 198 (5th Cir. 1998) ("Ceasing the infringing activity does not allow an infringing party to escape liability") (internal quotation and citation omitted). Although an injunction is unnecessary when "there is *no* reasonable expectation that the wrong will be repeated," a defendant resisting an injunction bears a "heavy burden" of demonstrating this exception. *Lyons Leadership, L.P. v.*

*Morris Costumes, Inc.*, 243 F.3d 789, 800 (4th Cir. 2001) (internal quotations and citations omitted). As the defendants have failed to appear in this action, and have promised in the past to discontinue their infringing activities, only to resume them after the threat of a lawsuit had apparently passed, the Court concludes that application of the exception here is inappropriate.

WHEREFORE, it is ORDERED, ADJUDGED AND DECREED that plaintiffs shall have judgment against the defendants, and further that:

1.  Defendants Art Witkowski and Grouphug Productions, Inc. d/b/a Healthy Legs and Healthy Legs and Feet Too!, their officers, agents, servants, employees, representatives and attorneys, and any other person in active concert or participation with them, are enjoined from:

    a.  Committing any acts of unfair competition, including, but not limited to:

        i.  Implying a false designation of origin or a false description or representation with respect to BSN's JOBST® Marks;

        ii.  Passing off or inducing or enabling others to sell or pass off goods/services that are not BSN's goods as those of BSN;

    b.  Committing any acts of trademark infringement, including, but not limited to:

        i.  Using the JOBST® Marks as a keyword or adwords in any part of any website operated by or affiliated with defendants, including but not limited to their use in such websites' text, HTML heading tags, links, page title, alternative text or meta tags;

        ii.  Paying for the use of any JOBST® Marks as a keyword or adword with any Internet search engine, including, but not limited to, Google, Yahoo, and Ask.com;

      iii.  Committing any acts or making any representation calculated to cause members of the trade or purchasing public to believe that defendants' goods are the goods of BSN or are sponsored by or associated with, or related to, or connected with, or in some way endorsed or promoted by BSN or under the supervision or control of BSN;

      iv.  Committing any acts or making any representation calculated to cause members of the trade or purchasing public to believe that defendants are sponsored by or associated with, or related to, or connected with, or in some way endorsed or promoted by BSN or under the supervision or control of BSN;

c.  Committing any acts of copyright infringement, including, but not limited to, using any copyrighted portion of BSN's JOBST® product website, www.jobst-usa.com, on their websites without the permission of BSN;

d.  Making any statements on promotional materials or advertising for defendants' goods that are false or misleading as to those goods' source or origin;

e.  Committing any acts, making any representations, or using any designation that is likely to disparage, tarnish or dilute the distinctive quality of BSN's JOBST® Marks;

f.  Trading off the JOBST® Marks in any way, including, but not limited to, using the JOBST® wordmark or the JOBST® stylized mark on or within any part of any website operated by or affiliated with defendants.

2.    Furthermore, the Court ORDERS that defendants Art Witkowski and Grouphug Productions, Inc. d/b/a Healthy Legs and Healthy Legs and Feet Too!, their officers, agents, servants, employees, representatives and attorneys, and any other person in active concert or

participation with them, shall prominently display the following disclaimer on every page of every website on which defendants display the JOBST® Marks: "This website is not licensed, approved, endorsed, or otherwise affiliated with JOBST® or its manufacturer, BSN medical, Inc., and is not an authorized reseller of any JOBST® products." This disclaimer shall be displayed in typeface at least as large as that of the largest lettering on each page.

3.     Defendants shall immediately return all images obtained from plaintiffs upon execution of the Agreement, as required by the Agreement.

4.     Within thirty (30) days after issuance of this Judgment, defendants are required to file with the Clerk of this Court and serve on plaintiffs a report, in writing and under oath, setting forth in detail the manner and form in which defendants have complied with the foregoing injunction.

5.     Plaintiffs shall recover from defendants their reasonable attorney's fees and the costs of this action.

This the 21st day of November, 2008.

Hon. Graham C. Mullen
Senior United States District Judge