# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# Civil Action No.: 3:08-cv-00347-GCM

| | |
|---|---|
| BSN MEDICAL, INC., a Delaware Corporation, and BSN MEDICAL GMBH,<br><br>Plaintiffs,<br><br>v.<br><br>ART WITKOWSKI, GROUPHUG PRODUCTIONS, INC. d/b/a HEALTHY LEGS and HEALTHY LEGS AND FEET TOO!,<br><br>Defendants. | **CONTEMPT ORDER** |

This matter came on for hearing before this Court on February 26, 2009, on the motion of plaintiffs BSN medical, Inc. and BSN medical GmbH (together, "BSN") for an order holding defendants Art Witkowski and Grouphug Productions, Inc. in contempt of court for their failure to comply with the Default Judgment and Permanent Injunction (the "Judgment") entered by the Court in this matter. The Court, having considered the motion of plaintiffs, the applicable law and the evidence of record, ALLOWS plaintiffs' motion, finding:

1. This Court entered the Judgment in this matter on November 21, 2008.

2. BSN provided defendants with a copy of the Judgment via certified mail, return receipt requested, on November 21, 2008, and via electronic mail on the same date. BSN

received a signed certified mail delivery receipt indicating that the Judgment had been received by defendants on November 25, 2008.

3. On December 4, 2008, BSN again provided defendants with copies of the Judgment via email, Fedex, and Certified Mail, return receipt requested.

4. On January 30, 2009, BSN once again contacted defendants via email, informing them of BSN's intention to move for an order to show cause why they should not be held in contempt and offering them a final opportunity to voluntarily comply with the Judgment. Plaintiffs knew defendants' email address to be valid because defendant Art Witkowski had contacted the former Vice President – Sales for BSN from that address on December 11, 2008.

5. Among other things, the Judgment prohibits defendants from:

   a. "Using the JOBST® Marks as a keyword or adwords in any part of any website operated by or affiliated with defendants, including but not limited to their use in such websites' text, HTML heading tags, links, page title, alternative text or meta tags" (Judgment at 8);

   b. "Paying for the use of any JOBST® Marks as a keyword or adword with any Internet search engine, including, but not limited to, Google, Yahoo, and Ask.com" (Judgment at 8); and

   c. "Trading off the JOBST® Marks in any way, including, but not limited to, using the JOBST® wordmark or the JOBST® stylized mark on or within any part of any website operated by or affiliated with defendants." (Judgment at 9).

2. The Judgment further requires Healthy Legs to:

"[P]rominently display the following disclaimer on every page of every website in which defendants display the JOBST® Marks: "This website is not licensed, approved, endorsed, or otherwise affiliated with JOBST® or its manufacturer, BSN medical, Inc., and is not an authorized reseller of any JOBST® products." This disclaimer shall be displayed in typeface at least as large as that of the largest lettering on each page." (Judgment at 9-10).

3. Despite having actual notice of the Judgment, defendants have failed to comply with its terms. Among other things, defendants continue to display the JOBST® Marks on their websites, continue to trade off the JOBST® Marks, continue to use the JOBST® marks as keywords and/or adwords on their website, and have failed or refused to place on their websites the disclaimer required by the Judgment.

4. Moreover, defendants' website, www.healthylegs.com, appears near the top of the non-sponsored results in Google searches for the word "Jobst."

5. This Court entered an Order requiring defendants to appear before the Court on February 26, 2009 and show cause why they should not be held in Contempt for failure to comply with the Judgment. Defendants failed to appear before this Court as ordered.

6. 18 U.S.C. § 401(3) provides that "A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as . . . (3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command."

7. Defendants' willful and deliberate refusal to comply with the Judgment and their failure to appear before the Court as required constitute contempt pursuant to 18 U.S.C. § 401(3).

WHEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED:

1. Defendants Art Witkowski and Grouphug Productions, Inc. are hereby held in civil contempt of Court for their failure to comply with the Judgment. This Contempt Order is entered not as punishment, but in order to coerce defendants to comply with the Judgment.

2. Defendant Art Witkowski shall be fined in the amount of five hundred dollars ($500.00) per day beginning March 3, 2009 and extending through such time as he purges himself of contempt. This fine is entered not as punishment, but in order to coerce defendants to comply with the Judgment.

3. The Court advises defendant Art Witkowski that should he choose not to purge himself of such contempt by compliance with this Court's Default Judgment and Permanent Injunction within two weeks of March 3, 2009, this Court intends to order his arrest and transportation to North Carolina to appear before this Court, at which time the Court intends to order his incarceration until such time as he purges himself of contempt.

4. If defendant Art Witkowski purges himself of contempt by compliance with the Judgment, counsel for plaintiffs are directed to report such compliance to the Court as soon as practicable after they learn of it.

5. If defendant Art Witkowski fails to purge himself of contempt within two weeks of March 3, 2009, counsel for plaintiffs are directed to report such failure to the Court so that the Court may order his arrest.

6. Plaintiffs shall serve this Contempt Order on defendants.

Signed: March 3, 2009

*[signature: Graham C. Mullen]*

Graham C. Mullen
United States District Judge