# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
### CIVIL ACTION NO.: 3:08-CV-00347-GCM

| | |
|---|---|
| BSN MEDICAL, INC., a Delaware Corporation, and BSN MEDICAL GmbH, <br><br> Plaintiffs, <br><br> v. <br><br> ART WITKOWSKI, GROUPHUG PRODUCTIONS, INC. d/b/a HEALTHY LEGS and HEALTHY LEGS AND FEET TOO!, <br><br> Defendants. | **ORDER** |

This matter is before the Court upon review of the Report of Non-Compliance With Judgment filed by plaintiffs BSN medical, Inc. and BSN medical GmbH (together, "BSN") pursuant to the Contempt Order entered by the Court on March 3, 2009. The Court, having considered Plaintiff's Report, the pleadings and evidence of record, and the applicable law, makes the following findings of fact and conclusions of law:

1. This Court entered a Default Judgment and Permanent Injunction (the "Judgment") in this matter on November 21, 2008.

2. BSN provided defendants with a copy of the Judgment via certified mail, return receipt requested, on November 21, 2008, and via electronic mail on the same date. BSN received a signed certified mail delivery receipt indicating that the Judgment had been received by defendants on November 25, 2008.

3. On December 4, 2008, BSN again provided defendants with copies of the Judgment via email, Fedex, and Certified Mail, return receipt requested.

4. On January 30, 2009, BSN once again contacted defendants via email, informing

them of BSN's intention to move for an order to show cause why they should not be held in contempt and offering them a final opportunity to voluntarily comply with the Judgment. Plaintiffs knew defendants' email address to be valid because defendant Art Witkowski had contacted the former Vice President – Sales for BSN from that address on December 11, 2008.

    5.    Among other things, the Judgment prohibits defendants from:

        a.  "Using the JOBST® Marks as a keyword or adwords in any part of any website operated by or affiliated with defendants, including but not limited to their use in such websites' text, HTML heading tags, links, page title, alternative text or meta tags" (Judgment at 8);

        b.  "Paying for the use of any JOBST® Marks as a keyword or adword with any Internet search engine, including, but not limited to, Google, Yahoo, and Ask.com" (Judgment at 8); and

        c.  "Trading off the JOBST® Marks in any way, including, but not limited to, using the JOBST® wordmark or the JOBST® stylized mark on or within any part of any website operated by or affiliated with defendants." (Judgment at 9).

    2.    The Judgment further requires Healthy Legs to:

"[P]rominently display the following disclaimer on every page of every website in which defendants display the JOBST® Marks: "This website is not licensed, approved, endorsed, or otherwise affiliated with JOBST® or its manufacturer, BSN medical, Inc., and is not an authorized reseller of any JOBST® products." This disclaimer shall be displayed in typeface at least as large as that of the largest lettering on each page." (Judgment at 9-10).

3.      Despite having notice of the Judgment, defendants failed to comply with its terms. Among other things, defendants continued to display the JOBST® Marks on their websites, continued to trade off the JOBST® Marks, continued to use the JOBST® marks as keywords and/or adwords on their website, and have failed or refused to place on their websites the disclaimer required by the Judgment.

4.      Moreover, defendants' website, www.healthylegs.com, continued to appear near the top of the non-sponsored results in Google searches for the word "Jobst."

5.      This Court entered an Order requiring defendants to appear before the Court on February 26, 2009 and show cause why they should not be held in Contempt for failure to comply with the Judgment. Defendants failed to appear before this Court as ordered.

6.      On March 3, 2009, the Court entered an Order of Contempt, imposing a fine on defendant Art Witkowski of $500 per day beginning March 3, 2009 until he purges himself of contempt. The Court's March 3 Contempt Order also stated that if defendant Art Witkowski failed to purge himself of contempt within two weeks of the date of the Order, the Court intended to order his arrest and incarceration until such time as he purges himself of contempt.

7.      Pursuant to the requirements of the Contempt Order, BSN mailed that Order to defendants via certified mail, return receipt requested, on March 3, 2009. BSN received a signed certified mail delivery receipt indicating that the Judgment had been delivered to defendants on March 5, 2009.

8.      In addition, Counsel for BSN attempted to contact defendant Art Witkowski by telephone on March 9 and 11, 2009, using five different phone numbers for Mr. Witkowski. Some of these numbers were those Mr. Witkowski had previously provided to BSN; others BSN obtained from emails regarding complaints made to it regarding defendants. Counsel for BSN

was unable to reach Mr. Witkowski at any of these numbers. As of March 23, 2009, counsel had not received any return call from Mr. Witkowski or any representative of Grouphug Productions, Inc.

9. Despite this Court's prior Orders and imposition of a daily fine, defendants remain in contempt of this Court's Judgment. Defendants continue to display the JOBST® Marks on their websites, continue to trade off the JOBST® Marks, continue to use the JOBST® marks as keywords and/or adwords on their website, and have failed or refused to place on their websites the disclaimer required by the Judgment.

10. 18 U.S.C. § 401(3) provides that "A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as . . . (3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command."

11. Defendants' willful and deliberate refusal to comply with the Judgment and their failure to appear before the Court as required constitute contempt pursuant to 18 U.S.C. § 401(3).

WHEREFORE, it appearing to the Court that defendants Art Witkowski and Grouphug Productions, Inc. have failed or refused to purge themselves of contempt of this Court's Judgment, the Court ORDERS the United States Marshals Service to arrest defendant Art Witkowski and transport him to Charlotte, North Carolina, where he shall remain incarcerated until such time as he purges himself of contempt. This Order is made not as a punishment, but in order to coerce defendants' compliance with the Judgment.

Signed: March 24, 2009

*Graham C. Mullen*
Graham C. Mullen
United States District Judge